# SC DOCKET SHEET
## CASE NO. PC-2020-07233

| | | |
|---|---|---|
| Carline Vilbon<br>v.<br>HB EMPLOYEE SERVICES, LLC | §<br>§<br>§<br>§<br>§ | Location: **Providence/Bristol County Superior Court**<br>Filed on: **10/16/2020**<br>US District Court Case Number: **1:21-cv-00003** |

## CASE INFORMATION

**Statistical Closures**
01/05/2021    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Rights/Job Discrimination**

Case Status: **01/05/2021   Closed**

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number          PC-2020-07233<br>Court                     Providence/Bristol County Superior Court<br>Date Assigned        10/16/2020 |

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Vilbon, Carline** | **SAVAGE, RICHARD J.**<br>*Retained*<br>4017329500(W) |
| **Defendant** | **HB EMPLOYEE SERVICES, LLC** | **FOLGER-HARTWELL, JILLIAN**<br>*Retained*<br>4018242107(W) |

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| | **EVENTS** |
| 01/05/2021 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 01/05/2021 | Case Removed to US District Court |
| 01/04/2021 | Notice of Removal<br>*Notice of Filing of Notice of Removal* |
| 12/08/2020 | Summons Proof of Service Filed<br>*Summons /Complaint served* |
| 10/16/2020 | Summons |
| 10/16/2020 | Complaint Filed<br>*Complaint* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Carline Vilbon      vs.   HB Employees  Services LLC

Federal Court Case No. 1:21-cv-00003      State Court Case No. PC-2020-07233

**Record Information**

Confidential:          Yes ☐    No ☑    Description: _____

Sealed documents:   Yes ☐    No ☑    Description: _____

**Certification**

I, Stephen Burke _____, Clerk of the Rhode Island Superior Court for the County of Providence _____ do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: Jan/5/2021

Clerk:
/s/ Stephen Burke _____

Prepared by:
/s/ Dennis Ricci _____

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00003-JJM-PAS   Document 5   Filed 01/05/21   Page 3 of 42 PageID #: 30

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, S.C.

_____
                                              :
CARLINE VILBON,                               :
                                              :
         Plaintiff,                           :
                                              :
         v.                                   :    Civil Action No. PC 20-7233
                                              :
HB EMPLOYEE SERVICES, LLC,                    :
                                              :
         Defendant.                           :
_____:

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(d), Defendant HB Employee Services,

LLC ("Defendant") gives notice to the Superior Court of Providence County, Rhode Island, and

to the attorney for Plaintiff Carline Vilbon, that on January 4, 2021, Defendant filed a Notice of

Removal, thereby removing this action to the United States District Court for the District of

Rhode Island.  A certified copy of the Notice of Removal is attached to this Notice.


                            HB EMPLOYEE SERVICES, LLC,

                            By its attorneys,

                            /s/Jillian S. Folger-Hartwell_____
                            Jillian S. Folger-Hartwell (#6970)
                            Breegan Semonelli (#9800)
                            LITTLER MENDELSON, P.C.
                            One Financial Plaza, Suite 2205
                            Providence, RI  02903
                            (401) 824-2500
                            (401) 454-2969 (fax)
                            jfolgerhartwell@littler.com
Dated: January 4, 2021      bsemonelli@littler.com


4848-1721-7749.1 051918.1393

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00003-JJM-PAS   Document 5   Filed 01/05/21   Page 4 of 42 PageID #: 31

## CERTIFICATE OF SERVICE

I, Jillian S. Folger-Hartwell, hereby certify that a true and accurate copy of the foregoing document was filed and served electronically by operation of the Court's electronic filing system upon the following counsel of record on this 4th day of January, 2021:


Richard J. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889
richard@savageandsavage.com

/s/Jillian S. Folger-Hartwell_____
Jillian S. Folger-Hartwell

2

4848-1721-7749.1 051918.1393

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| CARLINE VILBON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. _____ |
| HB EMPLOYEE SERVICES, LLC, | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

Defendant HB Employee Services, LLC ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332(a), 1441 and 1446, and hereby removes this action from the Superior Court of the State of Rhode Island, Providence County (the "Superior Court Action") to the United States District Court for the District of Rhode Island. As its reasons for removal, Defendant states:

## BACKGROUND

1.      By Summons and Complaint, Plaintiff Carline Vilbon ("Vilbon") commenced a civil action against Defendant in Providence County Superior Court titled <u>Carline Vilbon v. HB Employee Services, LLC</u>, C.A. No. PC 20-7233. A true and correct copy of the Summons and Complaint that Vilbon caused to be served upon Defendant is attached as <u>Exhibit A</u> and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

2.      Defendant was served with the Summons and Complaint in the Superior Court Action on December 4, 2020. The instant Notice of Removal is being filed within 30 days of the

date on which Defendant was served with the Summons and Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

3.      Attached as <u>Exhibit B</u> is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Providence County Superior Court. 28 U.S.C. § 1446(d).

## **DIVERSITY JURISDICTION**

4.      This Court has diversity jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

5.      Vilbon alleges she is a resident of the State of Rhode Island.

6.      Defendant is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Brentwood, Tennessee.

7.      Although the Complaint does not specify the precise amount of damages sought, the amount in controversy in this case exceeds $75,000. Vilbon seeks to recover financial harm, emotional distress, attorneys' fees, expert witness fees, costs, and punitive damages. <u>See</u> Compl. ¶¶ 29, 34, 39, and the Paragraph following ¶ 39.

8.      Inasmuch as Vilbon claims she was constructively discharged as of December 12, 2017, Compl. ¶¶ 19, 24, her back pay claim alone, using an annual salary of approximately $51,000 per year[1], exceeds $75,000.

9.      Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[1] Plaintiff was a non-exempt, part time, employee and only worked for Defendant for a few short weeks. She had a varying schedule during this time. The $50,000 annual salary is Defendant's approximation of what Plaintiff may have made in a year based on her actual hours during the period she worked for Defendant.

2

4831-6105-4933.3 051918.1393

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00003-JJM-PAS Document 1 Filed 01/05/21 Page 7 of 42 PageID #: 34

## <u>REMOVAL TO THIS DISTRICT IS PROPER</u>

10.     This Notice of Removal is being filed in the District of Rhode Island, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Defendant respectfully requests that this Action be removed to the United States District Court for the District of Rhode Island.


HB EMPLOYEE SERVICES, LLC,

By its attorneys,

/s/Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell (#6970)
Breegan Semonelli (#9800)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 454-2969 (fax)
jfolgerhartwell@littler.com
Dated: January 4, 2021          bsemonelli@littler.com

3

4831-6105-4933.3 051918.1393

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00063-JJM-PAS Document 5 Filed 01/05/21 Page 8 of 42 PageID #: 35

## **CERTIFICATE OF SERVICE**

I, Jillian S. Folger-Hartwell, hereby certify that a true and accurate copy of the foregoing

document was filed and served electronically by operation of the Court's CM/ECF System upon

the following counsel of record on this 4th day of January, 2021:

Richard J. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889
richard@savageandsavage.com


/s/ Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell

4

4831-6105-4933.3 051918.1393

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00063-JJM-PAS Document 5 Filed 04/05/21 Page 9 of 42 PageID #: 36

# EXHIBIT A

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00005-JJM-PAS   Document 5   Filed 01/04/21   Page 10 of 42 PageID #: 37



# STATE OF RHODE ISLAND

# SUPERIOR COURT

## SUMMONS

| | Civil Action File Number |
| --- | --- |
| | PC-2020-07233 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Carline Vilbon | Richard J. Savage |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| HB EMPLOYEE SERVICES, LLC | SAVAGE & SAVAGE |
| **Defendant** | 156 AIRPORT ROAD |
| | WARWICK RI  02889 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | No Known Address |
| 250 Benefit Street | |
| Providence RI  02903 | |
| (401) 222-3250 | |

TO THE DEFENDANT HB EMPLOYEE SERVICES, LLC:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 10/16/2020. | /s/ Henry Kinch |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

DATE  12/4/20
A TRUE COPY ATTEST
VINCENT P CATAMERO
R.I. CONSTABLE #6023

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00005-JJM-PAS Document 5 Filed 01/05/21 Page 11 of 42 PageID #: 38



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Carline Vilbon | PC-2020-07233 |
| v. | |
| HB EMPLOYEE SERVICES, LLC | |
| **Defendant** | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, HB EMPLOYEE SERVICES, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

_____

Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts:
_____

SERVICE DATE: ____ / ____ / ____        SERVICE FEE $ _____
        Month   Day   Year
Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____
County of _____

On this _____ day of _____, 20____ before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

| | |
|---|---|
| CARLINE VILBON, | ) |
| **Plaintiff** | ) STATE OF RHODE ISLAND |
| | ) PROVIDENCE, S.C. |
| **vs.** | ) |
| | ) |
| | ) |
| HB EMPLOYEE SERVICES, LLC | ) |
| **Defendant** | ) SUPERIOR COURT |
| | ) |
| | ) CIVIL ACTION PC 2020-07233 |

## COMPLAINT

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION

Plaintiff, by her attorney, Richard J. Savage, complaining of Defendant, alleges:

### *NATURE OF CLAIM*

1. This Complaint is filed by Carline Vilbon (hereinafter "Plaintiff"). She is filing this case against HB Employee Services, LLC. She brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory and injunctive relief, attorney fees and other litigation expenses and other equitable relief, including, but not exclusively, back pay as well as compensatory pay to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of her national origin, race and the retaliation she suffered on account of complaining about the race and national origin discrimination, in violation of the Rhode Island Civil Rights Act, RIGL §§ 42-112-1 *et seq.*

### *JURISDICTION and VENUE*

3. This Court has jurisdiction over the Plaintiff's Rhode Island Civil Rights Act claim pursuant to RIGL § 42-112-2.

4. Venue is proper in this Court since the alleged unlawful employment practices occurred in Providence County, and the Defendant operates a facility in Providence County.

### *PARTIES*

5. Plaintiff, a black woman who was born in Haiti, resides in the City of Pawtucket, County of Providence, State of Rhode Island. She at all times relevant hereto was an "employee" of HB Employee Services, LLC and she was a party to an employment contract with Defendant pursuant to RIGL § 42-112-1 *et seq.*

6. Defendant HB Employee Services, LLC is a Rhode Island Domestic Corporation. Defendant is an "employer" and it was a party to an employment contract with Plaintiff pursuant to RIGL § 42-112-1 *et seq.*

### *ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

7. Plaintiff was employed by Defendant as a Registered Nurse (RN) nighttime supervisor from September 2017-December 10, 2017.

8. During her entire tenure with Defendant, Plaintiff always performed her job satisfactorily.

9. As part of Plaintiff's job duties as a supervisor, she supervised Certified Nursing Assistants (CNAs).

10. Two of the CNAs that Plaintiff supervised were Sam Ogun and Nancy Toby.

11. Ms. Ogun and Ms. Toby are from Liberia, an English-speaking nation, and Plaintiff was from Haiti, a French speaking nation.

12. Ms. Ogun and Ms. Toby subjected Plaintiff to a hostile work environment at Defendant's facility.

2

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 10/18/2020 3:53 PM
Envelope: 2899492
Reviewer: Alexia G.

13. It is Plaintiff information and belief that Ms. Ogun and Ms. Toby subjected Plaintiff
    to a hostile work environment because she was from Haiti.

14. The actions by Ms. Ogun and Ms. Toby that caused a hostile work environment for
    Plaintiff included, but not exclusively: (1) Ms. Ogun making intimidating comments
    to Plaintiff, (2) Ms. Ogun and Ms. Toby being insubordinate to Plaintiff by ignoring
    Plaintiff's instructions and telling Plaintiff what they were going to do; (3) Ms. Ogun
    and Ms. Toby giving instructions to other CNAs on what they should be doing when
    it was Plaintiff who was supposed to do that; (4) Ms. Ogun and Ms. Toby not
    informing Plaintiff when they were going on breaks, which made it difficult for
    Plaintiff to do her job; (5) Ms. Ogun and Ms. Toby being upset that Plaintiff spoke to
    another employee questioning Defendant's break policy, which resulted in Ms. Ogun
    attempting to reprimand Plaintiff in a meeting; (6) Ms. Ogun refusing to follow
    Plaintiff's instructions to do rounds with another CNA; (7) Ms. Ogun and Ms. Toby
    reprimanding Plaintiff right out in the work area in front of other employees when
    they had no authority to reprimand Plaintiff; (8) Ms. Ogun falsely accusing Plaintiff
    of causing a resident's bruises and without authority insisting that Plaintiff file an
    incident report; (9) Ms. Toby eavesdropping on a conversation Plaintiff was having
    with another RN about the bruising incident and then Ms. Toby telling Ms. Ogun
    what Plaintiff had said about the incident; (10) Ms. Ogun threatening Plaintiff that she
    was going to make her suffer because Plaintiff had stated to another employee that
    Ms. Ogun had falsely accused Plaintiff of causing a resident's bruises; (12) Ms. Ogun
    often being loud and disruptive while working with Plaintiff, such as playing her
    music loudly; (12) Ms. Ogun telling Plaintiff, in Ms. Toby's presence, not to talk to

3

her and threatening Plaintiff that she did not forget what Plaintiff did; (13) Ms. Ogun instructing Ms. Toby not to listen to Plaintiff; (14) Ms. Toby falsely reporting that a resident made a complaint that Plaintiff made loud noises and the patient did not feel comfortable around Plaintiff; (15) Ms. Toby and Ms. Ogun falsely accusing Plaintiff of sleeping on the job; and (16) Ms. Toby and Ms. Ogun falsely accusing Plaintiff of poor patient care.

15. The actions by Ms. Toby and Ms. Ogun described in the previous paragraph created an intimidating and hostile environment for Plaintiff to work in as they were severe and/or pervasive and were done because Plaintiff was from Haiti.

16. The actions by Ms. Toby and Ms. Ogun were not welcomed by Plaintiff, were offensive to Plaintiff and would have been offensive to the reasonable person in Plaintiff's shoes.

17. On at least three occasions Plaintiff reported the actions by Ms. Toby and Ms. Ogun to her direct supervisor, Stephen Bergeron, who was Plaintiff's Director of Nurses.

18. On or about October 25, 2017, the first time Plaintiff reported the conduct of Ms. Ogun and Ms. Toby to Mr. Bergeron, he took no remedial action against them and told Plaintiff that they were just getting to know her and the facility.

19. On Plaintiff's last weekend working for Defendant, December 8-12, 2017 she reported Ms. Ogun and Ms. Toby's conduct to Mr. Bergeron.

20. Mr. Bergeron allegedly began an investigation into this matter.

21. Instead on taking any remedial action against Ms. Ogun and Ms. Toby, Mr. Bergeron retaliated against Plaintiff for complaining about the hostile working environment by, but not exclusively: (1) believing the false allegations of Ms. Toby and Ms. Ogun that

Plaintiff was providing poor patient care and sleeping on the job, which led to

Plaintiff being suspended; (2) falsely accusing Plaintiff of poor patient care; (3)

falsely accusing Plaintiff of submitting a fraudulent application (4) falsely claiming

that Plaintiff said she was going to shoot up Defendant's facility, and (5) making false

allegations against Plaintiff and filing a restraining order against her.

22. When other white Registered Nurses complained about the conduct of the CNAs to

Mr. Bergeron, he took prompt effective remedial action to address their concerns.

23. It is Plaintiff's information and belief that Mr. Bergeron was willing to take prompt

effective remedial action on behalf of white RNs who had issues with CNAs but

failed to do so with Plaintiff, because of Plaintiff's race and national origin.

24. As a result of the actions by Ms. Ogun and Ms. Toby, Defendant's failure to provide

prompt effective remedial action to end the hostile work environment, and

Defendant's retaliation for complaining about a hostile work environment, Plaintiff

was left with no other reasonable choice but to refuse to go back to Defendant when

she was called back to work by them at some point on December 2017 or January

2018.

25. As a result of the actions by Ms. Ogun and Ms. Toby, Defendant's failure to provide

prompt effective remedial action to end the hostile work environment, and

Defendant's retaliation for Plaintiff complaining about a hostile work environment,

Plaintiff has not been able to be employed at any place of employment and she is

currently on SSDI.

5

*FIRST CAUSE OF ACTION*

*National Origin (hostile work environment)*

<u>RIGL §§ 42-112-1 *et seq*.</u>

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 of this Complaint with the same force and effect as if set forth herein.

27. Plaintiff was subjected to a hostile work environment based on her national origin, Haitian, in that the actions taken against her by other employees were severe and/or pervasive, unwelcome, were offensive to her and would have been offensive to the reasonable person in Plaintiff's shoes.

28. Plaintiff reported the other employees' hostile treatment of her to Defendant and Defendant failed to take any prompt effective remedial action against the employees who caused Plaintiff to be subjected to a hostile work environment, in violation of the Rhode Island Civil Rights Act.

29. As a direct and proximate cause of said acts, Plaintiff suffered and continues to suffer loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment, and damage to her reputation, and loss of enjoyment of life.

*SECOND CAUSE OF ACTION*

*National Origin and Race (unequal working conditions)*

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 of this Complaint with the same force and effect as if set forth herein.

31. Plaintiff was subjected to unequal working conditions based on her race and national origin when Defendant failed to take prompt effective remedial action against the

6

CNAs that subjected Plaintiff to a hostile work environment, but did take prompt

effective remedial action against the CNAs who had issues with white RNs, in

violation of the Rhode Island Civil Rights Act.

32. Plaintiff reported the other employees' hostile treatment of her to Defendant and

Defendant failed to take any prompt effective remedial actions against the employees

who caused Plaintiff to be subjected to a hostile work environment, in violation of the

Rhode Island Civil Rights Act.

33. Defendant's failure to take prompt effective remedial action against the CNAs that

subjected Plaintiff to a hostile work environment, but did take prompt effective

remedial action against the CNAs who had issues with white RNs, subjected Plaintiff

to unequal working conditions on the basis of her race and national origin, in

violation of the Rhode Island Civil Rights Act.

34. As a direct and proximate cause of said acts, Plaintiff suffered and continues to suffer

loss of income, loss of other employment benefits, and has suffered and continues to

suffer emotional distress, humiliation, great expense, embarrassment, and damage to

her reputation, and loss of enjoyment of life.

*THIRD CAUSE OF ACTION*

*Retaliation*

RIGL §§ 42-112-1 *et seq.*

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1

through 25 of this Complaint with the same force and effect as if set forth herein.

36. Plaintiff complained that she was being subjected to a hostile work environment to

Defendant on the basis of her national origin.

7

37. As a result of Plaintiff complaining about being discriminated against on the basis of her national origin, Defendant retaliated against Plaintiff by suspending her and making up false allegations against her, in violation of the Rhode Island Civil Rights Act.

38. Defendant's retaliatory conduct against Plaintiff led Plaintiff to be constructively discharged by Defendant.

39. As a direct and proximate cause of said acts, Plaintiff suffered and continues to suffer loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment, damage to her reputation, and loss of enjoyment of life.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff requests the Court to enter judgment:

a.  Declaring the acts and practices complained herein were in violation the Rhode Island Civil Rights Act, RIGL 42-112-1 *et seq.*;

b.  Enjoining and permanently restraining the Defendant from violations of the Rhode Island Civil Rights Act;

c.  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.  Directing Defendant to make Plaintiff whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

8

e. Awarding Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

f. Awarding Plaintiff the cost of this action together with reasonable attorney's fees and expert witness fees, as provided by R.I. Gen. Laws §§ 42-112-1 *et seq.*;

g. Awarding the Plaintiff punitive damages for the Defendant's intentional, malicious, and reckless conduct towards Plaintiff;

h. Granting such other and further relief as this court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
By Plaintiff's Attorney,

/s/ Richard J. Savage

Richard J. Savage (#5448)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
Dated: October 16, 2020
richard@savageandsavage.com

9

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

# EXHIBIT B

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, S.C.

_____
                                            :
CARLINE VILBON,                             :
                                            :
        Plaintiff,                          :
                                            :
        v.                                  :        Civil Action No. PC 20-7233
                                            :
HB EMPLOYEE SERVICES, LLC,                  :
                                            :
        Defendant.                          :
_____:

## NOTICE OF FILING OF NOTICE OF REMOVAL

        Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(d), Defendant HB Employee Services,

LLC ("Defendant") gives notice to the Superior Court of Providence County, Rhode Island, and

to the attorney for Plaintiff Carline Vilbon, that on January 4, 2021, Defendant filed a Notice of

Removal, thereby removing this action to the United States District Court for the District of

Rhode Island.  A certified copy of the Notice of Removal is attached to this Notice.


                                    HB EMPLOYEE SERVICES, LLC,

                                    By its attorneys,

                                    /s/Jillian S. Folger-Hartwell_____
                                    Jillian S. Folger-Hartwell (#6970)
                                    Breegan Semonelli (#9800)
                                    LITTLER MENDELSON, P.C.
                                    One Financial Plaza, Suite 2205
                                    Providence, RI  02903
                                    (401) 824-2500
                                    (401) 454-2969 (fax)
                                    jfolgerhartwell@littler.com
Dated: January 4, 2021              bsemonelli@littler.com

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

## CERTIFICATE OF SERVICE

I, Jillian S. Folger-Hartwell, hereby certify that a true and accurate copy of the foregoing

document was filed and served electronically by operation of the Court's electronic filing system

upon the following counsel of record on this 4th day of January, 2021:


Richard J. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889
richard@savageandsavage.com

/s/Jillian S. Folger-Hartwell_____
Jillian S. Folger-Hartwell

2

4848-1721-7749.1 051918.1393

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00005-JJM-PAS Document 5 Filed 01/05/21 Page 25 of 42 PageID #: 52

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CARLINE VILBON

**DEFENDANTS**

HB EMPLOYEE SERVICES, LLC

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard J. Savage, Esq., Savage & Savage
156 Airport Road
Warwick, RI 02889

Attorneys *(If Known)*
Jillian S. Folger-Hartwell, Esq., Littler Mendelson, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
Tel. 401-824-2500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)
Brief description of cause:
Employment discrimination/harassment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
January 4, 2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jillian S. Folger-Hartwell #6970

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 1/4/2021 5:08 PM
Envelope: 2899482
Reviewer: Rachel L.

Case 1:21-cv-00003-JJM-PAS Document 5 Filed 01/05/21 Page 26 of 42 PageID #: 53

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2020 6:23 PM
Envelope: 2868196
Reviewer: Rachel L.

Case 1:21-CV-00003-JJM-PAS   Document 5   Filed 01/05/21   Page 27 of 42 PageID #: 54



**STATE OF RHODE ISLAND**

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-07233 |
| **Plaintiff**<br>Carline Vilbon<br><br>v.<br><br>HB EMPLOYEE SERVICES, LLC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Richard J. Savage |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>SAVAGE & SAVAGE<br>156 AIRPORT ROAD<br>WARWICK RI  02889 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, HB EMPLOYEE SERVICES, LLC:** *C/o Corporation Service Company*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 10/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2020 4:23 PM
Envelope: 2868196
Reviewer: Rachel L.

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Carline Vilbon | PC-2020-07233 |
| v. | |
| HB EMPLOYEE SERVICES, LLC | |
| **Defendant** | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, HB EMPLOYEE SERVICES, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☒ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____ *C/o CORPORATION SERVICE COMPANY* _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2020 4:23 PM
Envelope: 2868196
Reviewer: Rachel L.

Case 1:21-CV-00003-JJM-PAS   Document 5   Filed 01/05/21   Page 29 of 42 PageID #: 56



STATE OF RHODE ISLAND AND    Justice · Independence · Honor    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _12_ / _4_ / _20_ | SERVICE FEE $ _45.00_ |
|---|---|
| Month   Day   Year   _2:00PM_ | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

VINCENT P. CATAMERO
R.I. CONSTABLE

SIGNATURE OF PERSON OTHER THAN a SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2020 4:23 PM
Envelope: 2868196
Reviewer: Rachel L.

Case 1:21-CV-00003-JJM-PAS   Document 5   Filed 01/05/21   Page 30 of 42 PageID #: 57



 **STATE OF RHODE ISLAND**

# SUPERIOR COURT

## SUMMONS

|  | **Civil Action File Number**<br>PC-2020-07233 |
|---|---|
| **Plaintiff**<br>Carline Vilbon<br><br> v.<br>HB EMPLOYEE SERVICES, LLC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Richard J. Savage |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>SAVAGE & SAVAGE<br>156 AIRPORT ROAD<br>WARWICK RI  02889 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, HB EMPLOYEE SERVICES, LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 10/16/2020. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND ⚓ PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Carline Vilbon<br> v.<br>HB EMPLOYEE SERVICES, LLC<br>**Defendant** | **Civil Action File Number**<br>PC-2020-07233 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, HB EMPLOYEE SERVICES, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____

   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month      Day      Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 10/16/2020 12:37 PM
Envelope: 2794459
Reviewer: Alexa G.

| | | |
|---|---|---|
| **CARLINE VILBON,** | ) | |
| *Plaintiff* | ) | **STATE OF RHODE ISLAND** |
| | ) | **PROVIDENCE, S.C.** |
| *vs.* | ) | |
| | ) | |
| | ) | |
| **HB EMPLOYEE SERVICES, LLC** | ) | |
| *Defendant* | ) | **SUPERIOR COURT** |
| | ) | |
| | ) | **CIVIL ACTION** |

## COMPLAINT

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION

Plaintiff, by her attorney, Richard J. Savage, complaining of Defendant, alleges:

### *NATURE OF CLAIM*

1. This Complaint is filed by Carline Vilbon (hereinafter "Plaintiff"). She is filing this case against HB Employee Services, LLC. She brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory and injunctive relief, attorney fees and other litigation expenses and other equitable relief, including, but not exclusively, back pay as well as compensatory pay to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of her national origin, race and the retaliation she suffered on account of complaining about the race and national origin discrimination, in violation of the Rhode Island Civil Rights Act, RIGL §§ 42-112-1 *et seq.*

### *JURISDICTION and VENUE*

3. This Court has jurisdiction over the Plaintiff's Rhode Island Civil Rights Act claim pursuant to RIGL § 42-112-2.

4. Venue is proper in this Court since the alleged unlawful employment practices occurred in Providence County, and the Defendant operates a facility in Providence County.

*PARTIES*

5. Plaintiff, a black woman who was born in Haiti, resides in the City of Pawtucket, County of Providence, State of Rhode Island. She at all times relevant hereto was an "employee" of HB Employee Services, LLC and she was a party to an employment contract with Defendant pursuant to RIGL § 42-112-1 *et seq.*

6. Defendant HB Employee Services, LLC is a Rhode Island Domestic Corporation. Defendant is an "employer" and it was a party to an employment contract with Plaintiff pursuant to RIGL § 42-112-1 *et seq.*

*ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

7. Plaintiff was employed by Defendant as a Registered Nurse (RN) nighttime supervisor from September 2017-December 10, 2017.

8. During her entire tenure with Defendant, Plaintiff always performed her job satisfactorily.

9. As part of Plaintiff's job duties as a supervisor, she supervised Certified Nursing Assistants (CNAs).

10. Two of the CNAs that Plaintiff supervised were Sam Ogun and Nancy Toby.

11. Ms. Ogun and Ms. Toby are from Liberia, an English-speaking nation, and Plaintiff was from Haiti, a French speaking nation.

12. Ms. Ogun and Ms. Toby subjected Plaintiff to a hostile work environment at Defendant's facility.

2

13. It is Plaintiff information and belief that Ms. Ogun and Ms. Toby subjected Plaintiff to a hostile work environment because she was from Haiti.

14. The actions by Ms. Ogun and Ms. Toby that caused a hostile work environment for Plaintiff included, but not exclusively: (1) Ms. Ogun making intimidating comments to Plaintiff, (2) Ms. Ogun and Ms. Toby being insubordinate to Plaintiff by ignoring Plaintiff's instructions and telling Plaintiff what they were going to do; (3) Ms. Ogun and Ms. Toby giving instructions to other CNAs on what they should be doing when it was Plaintiff who was supposed to do that; (4) Ms. Ogun and Ms. Toby not informing Plaintiff when they were going on breaks, which made it difficult for Plaintiff to do her job; (5) Ms. Ogun and Ms. Toby being upset that Plaintiff spoke to another employee questioning Defendant's break policy, which resulted in Ms. Ogun attempting to reprimand Plaintiff in a meeting; (6) Ms. Ogun refusing to follow Plaintiff's instructions to do rounds with another CNA; (7) Ms. Ogun and Ms. Toby reprimanding Plaintiff right out in the work area in front of other employees when they had no authority to reprimand Plaintiff; (8) Ms. Ogun falsely accusing Plaintiff of causing a resident's bruises and without authority insisting that Plaintiff file an incident report; (9) Ms. Toby eavesdropping on a conversation Plaintiff was having with another RN about the bruising incident and then Ms. Toby telling Ms. Ogun what Plaintiff had said about the incident; (10) Ms. Ogun threatening Plaintiff that she was going to make her suffer because Plaintiff had stated to another employee that Ms. Ogun had falsely accused Plaintiff of causing a resident's bruises; (12) Ms. Ogun often being loud and disruptive while working with Plaintiff, such as playing her music loudly; (12) Ms. Ogun telling Plaintiff, in Ms. Toby's presence, not to talk to

3

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 10/16/2020 12:37 PM
Envelope: 2794459
Reviewer: Alexa G.

Case 1:21-CV-00005-JJM-PAS   Document 5   Filed 01/05/21   Page 37 of 42 PageID #: 64

her and threatening Plaintiff that she did not forget what Plaintiff did; (13) Ms. Ogun instructing Ms. Toby not to listen to Plaintiff; (14) Ms. Toby falsely reporting that a resident made a complaint that Plaintiff made loud noises and the patient did not feel comfortable around Plaintiff; (15) Ms. Toby and Ms. Ogun falsely accusing Plaintiff of sleeping on the job; and (16) Ms. Toby and Ms. Ogun falsely accusing Plaintiff of poor patient care.

15. The actions by Ms. Toby and Ms. Ogun described in the previous paragraph created an intimidating and hostile environment for Plaintiff to work in as they were severe and/or pervasive and were done because Plaintiff was from Haiti.

16. The actions by Ms. Toby and Ms. Ogun were not welcomed by Plaintiff, were offensive to Plaintiff and would have been offensive to the reasonable person in Plaintiff's shoes.

17. On at least three occasions Plaintiff reported the actions by Ms. Toby and Ms. Ogun to her direct supervisor, Stephen Bergeron, who was Plaintiff's Director of Nurses.

18. On or about October 25, 2017, the first time Plaintiff reported the conduct of Ms. Ogun and Ms. Toby to Mr. Bergeron, he took no remedial action against them and told Plaintiff that they were just getting to know her and the facility.

19. On Plaintiff's last weekend working for Defendant, December 8-12, 2017 she reported Ms. Ogun and Ms. Toby's conduct to Mr. Bergeron.

20. Mr. Bergeron allegedly began an investigation into this matter.

21. Instead on taking any remedial action against Ms. Ogun and Ms. Toby, Mr. Bergeron retaliated against Plaintiff for complaining about the hostile working environment by, but not exclusively: (1) believing the false allegations of Ms. Toby and Ms. Ogun that

4

Plaintiff was providing poor patient care and sleeping on the job, which led to Plaintiff being suspended; (2) falsely accusing Plaintiff of poor patient care; (3) falsely accusing Plaintiff of submitting a fraudulent application (4) falsely claiming that Plaintiff said she was going to shoot up Defendant's facility, and (5) making false allegations against Plaintiff and filing a restraining order against her.

22. When other white Registered Nurses complained about the conduct of the CNAs to Mr. Bergeron, he took prompt effective remedial action to address their concerns.

23. It is Plaintiff's information and belief that Mr. Bergeron was willing to take prompt effective remedial action on behalf of white RNs who had issues with CNAs but failed to do so with Plaintiff, because of Plaintiff's race and national origin.

24. As a result of the actions by Ms. Ogun and Ms. Toby, Defendant's failure to provide prompt effective remedial action to end the hostile work environment, and Defendant's retaliation for complaining about a hostile work environment, Plaintiff was left with no other reasonable choice but to refuse to go back to Defendant when she was called back to work by them at some point on December 2017 or January 2018.

25. As a result of the actions by Ms. Ogun and Ms. Toby, Defendant's failure to provide prompt effective remedial action to end the hostile work environment, and Defendant's retaliation for Plaintiff complaining about a hostile work environment, Plaintiff has not been able to be employed at any place of employment and she is currently on SSDI.

5

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 10/16/2020 12:37 PM
Envelope: 2794459
Reviewer: Alexa G.

*FIRST CAUSE OF ACTION*

*National Origin (hostile work environment)*

<u>RIGL §§ 42-112-1 *et seq.*</u>

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 of this Complaint with the same force and effect as if set forth herein.

27. Plaintiff was subjected to a hostile work environment based on her national origin, Haitian, in that the actions taken against her by other employees were severe and/or pervasive, unwelcome, were offensive to her and would have been offensive to the reasonable person in Plaintiff's shoes.

28. Plaintiff reported the other employees' hostile treatment of her to Defendant and Defendant failed to take any prompt effective remedial action against the employees who caused Plaintiff to be subjected to a hostile work environment, in violation of the Rhode Island Civil Rights Act.

29. As a direct and proximate cause of said acts, Plaintiff suffered and continues to suffer loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment, and damage to her reputation, and loss of enjoyment of life.

*SECOND CAUSE OF ACTION*

*National Origin and Race (unequal working conditions)*

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 of this Complaint with the same force and effect as if set forth herein.

31. Plaintiff was subjected to unequal working conditions based on her race and national origin when Defendant failed to take prompt effective remedial action against the

6

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 10/16/2020 12:37 PM
Envelope: 2794459
Reviewer: Alexa G.

Case 1:21-cv-00003-JJM-PAS   Document 5   Filed 01/05/21   Page 40 of 42 PageID #: 67

CNAs that subjected Plaintiff to a hostile work environment, but did take prompt

effective remedial action against the CNAs who had issues with white RNs, in

violation of the Rhode Island Civil Rights Act.

32. Plaintiff reported the other employees' hostile treatment of her to Defendant and

Defendant failed to take any prompt effective remedial actions against the employees

who caused Plaintiff to be subjected to a hostile work environment, in violation of the

Rhode Island Civil Rights Act.

33. Defendant's failure to take prompt effective remedial action against the CNAs that

subjected Plaintiff to a hostile work environment, but did take prompt effective

remedial action against the CNAs who had issues with white RNs, subjected Plaintiff

to unequal working conditions on the basis of her race and national origin, in

violation of the Rhode Island Civil Rights Act.

34. As a direct and proximate cause of said acts, Plaintiff suffered and continues to suffer

loss of income, loss of other employment benefits, and has suffered and continues to

suffer emotional distress, humiliation, great expense, embarrassment, and damage to

her reputation, and loss of enjoyment of life.

*THIRD CAUSE OF ACTION*

*Retaliation*

RIGL §§ 42-112-1 *et seq.*

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1

through 25 of this Complaint with the same force and effect as if set forth herein.

36. Plaintiff complained that she was being subjected to a hostile work environment to

Defendant on the basis of her national origin.

7

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 10/16/2020 12:37 PM
Envelope: 2794459
Reviewer: Alexa G.

37. As a result of Plaintiff complaining about being discriminated against on the basis of her national origin, Defendant retaliated against Plaintiff by suspending her and making up false allegations against her, in violation of the Rhode Island Civil Rights Act.

38. Defendant's retaliatory conduct against Plaintiff led Plaintiff to be constructively discharged by Defendant.

39. As a direct and proximate cause of said acts, Plaintiff suffered and continues to suffer loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment, damage to her reputation, and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court to enter judgment:

a. Declaring the acts and practices complained herein were in violation the Rhode Island Civil Rights Act, RIGL 42-112-1 *et seq.*;

b. Enjoining and permanently restraining the Defendant from violations of the Rhode Island Civil Rights Act;

c. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d. Directing Defendant to make Plaintiff whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

8

Case Number: PC-2020-07233
Filed in Providence/Bristol County Superior Court
Submitted: 10/16/2020 12:37 PM
Envelope: 2794459
Reviewer: Alexa G.

Case 1:21-cv-00005-JJM-PAS   Document 5   Filed 01/05/21   Page 42 of 42 PageID #: 69

e.   Awarding Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

f.   Awarding Plaintiff the cost of this action together with reasonable attorney's fees and expert witness fees, as provided by R.I. Gen. Laws §§ 42-112-1 *et seq.*;

g.   Awarding the Plaintiff punitive damages for the Defendant's intentional, malicious, and reckless conduct towards Plaintiff;

h.   Granting such other and further relief as this court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**


Respectfully submitted,
By Plaintiff's Attorney,

/s/ Richard J. Savage

_____
Richard J. Savage (#5448)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
Dated: October 16, 2020
richard@savageandsavage.com

9