UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CARLINE VILBON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 21-cv-00003-JJM-PAS |
| HB EMPLOYEE SERVICES, LLC, | : | |
| Defendant. | : | |

**JOINT MOTION TO DISMISS CLAIMS IN FAVOR OF
BINDING ARBITRATION AND STAY CASE**

Plaintiff Carline Vilbon ("Plaintiff") and Defendant HB Employee Services, LLC ("Defendant") (collectively the "Parties"), by their respective undersigned counsel, hereby jointly request that the Court direct that Plaintiff's claims are subject to and shall proceed to binding arbitration, and stay this matter.  Each party shall bear its own costs and attorneys' fees associated with the above-captioned case.

In support of this motion, the Parties hereby submit that they have agreed that the claims set forth in Plaintiff's Complaint are subject to binding arbitration pursuant to the Arbitration Agreement, attached as Exhibit A.  The Parties request that the Court stay the matter so that it may retain jurisdiction for purposes of affirming or vacating an award, should one or both of the Parties seek such Court action.

For these reasons, the Parties hereby jointly request an order that Plaintiff's claims shall be determined through binding arbitration, and the matter is stayed until further action by the Parties.  A proposed order is attached as Exhibit B.

4851-3139-8101.2 051918.1393

| | |
|---|---|
| CARLINE VILBON, | HB EMPLOYEE SERVICES, LLC, |
| By her attorneys, | By its attorneys, |
| /s/ Richard J. Savage<br>Richard J. Savage, Esq. (#5448)<br>Savage & Savage<br>156 Airport Road<br>Warwick, RI 02889<br>(401) 732-9500<br>(401) 732-0166 (fax)<br>richard@savageandsavage.com | /s/ Jillian S. Folger-Hartwell<br>Jillian S. Folger-Hartwell (#6970)<br>Breegan Semonelli (#9800)<br>LITTLER MENDELSON, P.C.<br>One Financial Plaza, Suite 2205<br>Providence, RI  02903<br>(401) 824-2500<br>(401) 454-2969 (fax)<br>jfolgerhartwell@littler.com<br>bsemonelli@littler.com |

## CERTIFICATE OF SERVICE

I, Jillian S. Folger-Hartwell, hereby certify that a true and accurate copy of the foregoing Joint Motion to Dismiss Claims in Favor of Binding Arbitration and Stay Case was filed electronically by operation of the Court's CM/ECF System and served electronically upon the following counsel of record on this 11th day of January, 2021:

Richard J. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889
(401) 732-9500
(401) 732-0166
richard@savageandsavage.com

/s/ Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell

4851-3139-8101.2 051918.1393

# Exhibit A

4851-3139-8101.2 051918.1393

BROOKDALE DISPUTE RESOLUTION AGREEMENT

In consideration of my employment or continued employment by Brookdale Senior Living Inc. or one of its affiliates or subsidiaries ("Brookdale") and/or the mutual promises and agreements herein, both Brookdale and I agree that this Dispute Resolution Agreement will apply to any and all covered disputes and claims that might come about as a result of my employment with Brookdale.

1. **Covered disputes.** Brookdale and I agree that **any** legal dispute arising out of or related to my employment (including, without limitation, those arising from the Application for Employment, my employment, or the termination of my employment) must be resolved using final and **binding** arbitration and not by a court or jury trial. That includes any legal dispute that has to do with any of the following: wage and hour law, seating, expense reimbursement, trade secrets, unfair competition, compensation, breaks or rest periods, uniform maintenance, training, discipline, termination (including defamation after my termination), discrimination, harassment, retaliation, transfer, demotion, or promotion. It also includes any claims that come about through the Uniform Trade Secrets Act, Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act, Equal Pay Act, Americans with Disabilities Act, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act – ERISA (not including claims for benefits under any Brookdale benefit plan covered by ERISA or funded by insurance), Genetic Information Non-Discrimination Act, and any federal, state or local laws or regulations covering the same or similar matters.

Brookdale and I agree that any dispute regarding the interpretation of this Agreement or whether it applies to a dispute will be resolved by an Arbitrator. Any disputes about whether this Agreement, or any part of it, is enforceable, revocable, or valid will be decided by a court and not the Arbitrator. Even though we have this Agreement, Brookdale and I agree we will still try to resolve disputes informally before resorting to Arbitration. We both understand and agree that this is an arbitration agreement covered by the Federal Arbitration Act (9 U.S.C. §§ 1-16), and that this is a matter involving commerce.

2. **Disputes not covered.** This Agreement does not cover any claims for workers' compensation, state disability insurance, or unemployment insurance benefits. I can still bring claims to an administrative agency if the law says so. These would be claims like those before the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, or the Office of Federal Contract Compliance Programs. Just like this Agreement does not prevent me from bringing those claims before an administrative agency, it likewise does not excuse me from not bringing such a claim if I am required to do so to exhaust my administrative remedies. This Agreement also does not apply to disputes that are not subject to pre-dispute arbitration agreements such as the Dodd-Frank Wall Street Reform and Consumer Protection Act.

3. **Arbitrator selection.** Brookdale and I will pick an Arbitrator by mutual agreement. We will pick from attorneys licensed in the place where we will have the Arbitration, or a retired judge who was in a court there. If we want someone else, we can agree to pick someone else, however. If we cannot agree, then one of us can apply to a local court with authority over the location where the arbitration will be conducted to decide upon a neutral Arbitrator. Once Brookdale and I agree to an Arbitrator, or the court appoints one, then the Arbitration will take place not more than 20 miles from where I last worked or where I applied to work, unless we agree to have the Arbitration someplace else.

4. **Starting the process.** To start an Arbitration, either Brookdale or I must deliver a written demand by hand or certified mail to the other party within the applicable statute of limitations period. The demand has to include identification of everyone included in the matter, a statement of the legal and factual basis for the claim or claims, and what is being sought. Any demand made to Brookdale has to be provided to Brookdale Senior Living Inc., Attention: Executive Vice President, Human Resources, 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027. If the demand is made to me, then it needs to be provided to my last known address. The Arbitrator will resolve any disputes we have regarding the timeliness or propriety of the demand. Pending the appointment of the Arbitrator, either Brookdale or I may seek provisional or temporary injunctive relief from the appropriate court in circumstances otherwise authorized under state or federal law (including to enforce any applicable contractual restrictive covenants).

5. **Procedural matters.** Discovery will be conducted as directed by law or the Arbitrator, and motions, witnesses and evidence will be handled like any case or as directed by the Arbitrator. Any disputes about how the case proceeds will be resolved by the Arbitrator. The Arbitrator can also issue subpoenas, if needed, for witnesses or documents.

6. **Who pays?** I will pay for my attorney and Brookdale will pay for its attorney, subject to whatever each of us may be entitled to by law. Brookdale will pay the Arbitrator and arbitration fees, subject to what each of us may be entitled to by law. Any disputes about who pays for what shall be resolved by the Arbitrator.

7. **The Hearing and award.** The arbitration will move forward and a hearing will occur as directed by the Arbitrator. Within 30 days after the hearing, we will each have the right to prepare a brief, which has to be given to the other party and filed with the Arbitrator. The Arbitrator can award anything to either party to which I or Brookdale may be entitled by law. The award must be limited to what is available to me in my (or to Brookdale in its) individual capacity as if this matter were in court. No remedy otherwise available at law will be lost just because of this Agreement. The Arbitrator will decide the issues and awards and the Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. All of the facts and results of the arbitration will be confidential and cannot be disclosed to anyone else unless Brookdale and I consent to that disclosure or if, as determined by the Arbitrator, the law provides otherwise. Once the award is made by the Arbitrator, it will be final and binding and not subject to appeal, except either party may seek judicial review as permitted by law. A court will have the authority to enter a judgment pursuant to the arbitration.

8. **Class Action waiver.** There is no right or authority under this Agreement for any dispute to be brought, heard or arbitrated as a class or collective action. If any part or all of this Agreement is claimed to be unenforceable, unconscionable, void or voidable, a court will decide that and not the Arbitrator.

9. **Private Attorney General waiver.** There is no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general action. This provision does not apply if I bring a claim in arbitration solely for me and nobody else. This provision can be removed from the Agreement in a case where the dispute is filed as private attorney general action and the court finds this waiver unenforceable. If that happens, then the private attorney general action will be litigated in that court.

10. **No retaliation.** I understand that Brookdale will not tolerate any retaliation against me for bringing a claim under this Agreement. If I think that is happening, then I understand I need to tell someone in human resources immediately.

11. **Entire Agreement.** This is the whole agreement between Brookdale and me relating to resolving legal disputes between us. This Agreement supersedes and replaces any other agreements between us regarding the resolution of legal disputes. Except as otherwise provided in this Agreement, if any part of this Agreement is deemed to be unenforceable, the rest of it will remain enforceable. This Agreement will continue to be in effect even after my employment with Brookdale terminates and after the expiration of any benefit plan.

I understand and agree that I will be able to arbitrate whatever individual claims I may have against Brookdale, although under this Agreement and the Federal Arbitration Act, I am giving up the right to represent others or to participate in a class action, collective action or representative action in arbitration or a court. I understand that I will not be retaliated against, disciplined or even threatened with discipline because of anything I do under this Agreement.

I understand that I can consult with an attorney regarding this Agreement, and if I have already obtained an attorney, I know I should consult with that attorney regarding any decision I make under this Agreement.

By signing this, I am saying that I have received, read, understand and agree to all the terms contained in this Agreement. I understand that even if I do not sign this Agreement, if I come to work after being given this Agreement, I am agreeing to it and so is Brookdale. I understand and agree that consenting to this Agreement is a condition of employment with Brookdale.

*Minors (workers under the age of 18) require the signature of a parent or legal guardian.*

Date: 9/26/17

Print Name: Carline Vilbon

Sign Name: *[signature]*

Agreed: Brookdale Senior Living Inc. (on behalf of itself and its applicable subsidiaries/affiliates)

By: *[signature]*

Name: Cedric Coco
Title: EVP, Chief People Officer

Page 2 of 2

# Exhibit B

4

4851-3139-8101.2 051918.1393

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLINE VILBON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-cv-00003-JJM-PAS |
| HB EMPLOYEE SERVICES, LLC, | : |
| Defendant. | : |

**ORDER GRANTING JOINT MOTION TO STAY
PENDING BINDING ARBITRATION**

Upon consideration of the parties' Joint Motion ("Joint Motion"), it is hereby ORDERED, that the Joint Motion is GRANTED, as follows:

  a. Plaintiff's claims shall be determined through binding arbitration; and

  b. This matter shall be stayed until further action by the Parties.

SO ORDERED,

_____
John J. McConnell, Jr., Chief Judge
United States District Judge
Date: _____

5

4851-3139-8101.2 051918.1393