UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CARLINE VILBON,
    Plaintiff,

v.

HB EMPLOYEE SERVICES, LLC,
    Defendant.

C.A. No. 21-3-JJM-PAS

**ORDER**

Before the Court are four motions: (1) Motion to Confirm Arbitration Award filed by HB Employee Services, LLC (ECF No. 17); (2) Motion to Amend the Complaint to Join Cumberland Police Department as a Defendant, filed by Carline Vilbon (ECF No. 20); (3) Motion to Vacate Arbitration Award, filed by Carline Vilbon (ECF No. 21); and (4) Motion for Relief from Judgment pursuant to Rule 60(b)(1)(3), filed by Carline Vilbon (ECF No. 29).

Ms. Vilbon filed her complaint in state court alleging hostile work environment based on national origin, discrimination based on race and national origin, and retaliation under the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws §§ 42-112-1 *et seq.*[1] ECF No. 1. Defendant removed the case to this Court. ECF No. 1. Both parties then jointly filed a Motion to Dismiss Claims in Favor of Binding

---

[1] Ms. Vilbon has filed six actions in this Court in the last two years, and she has eight appeals in the United States Court of Appeals for the First Circuit.

Arbitration and Stay Case. ECF No. 6. The Court entered an order staying the case and compelling the parties to arbitrate Ms. Vilbon's claims.

The matter proceeded to an arbitration hearing, ending with the arbitrator issuing an extensive written award with reasoning on September 7, 2022, granting summary judgment for the Defendant. ECF No. 17-2 at 31-41. Now before the Court is Defendant's Motion to Confirm the Award, Ms. Vilbon's Motion to Vacate the Award, as well as her motion to amend her complaint to add a defendant. ECF Nos. 20, 21.

First, because the parties entered into an arbitration agreement that provides that "[a] court will have the authority to enter a judgment pursuant to the arbitration" (ECF No. 17-1 at 4 (alteration in original)), the Court has the power under the Federal Arbitration Act to enter judgment. 9 U.S.C. § 9.

Second, a court may vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id.* § 10.

Third, Ms. Vilbon's complaint about the arbitration award centers on her displeasure with certain actions taken by her attorney. *See* ECF No. 21 at 2-5. "However, ineffective assistance of counsel is not among the specified grounds for

vacating an award under the Arbitration Act. *See* 9 U.S.C. § 10." *McCarthy v. Smith Barney Inc.*, 58 F. Supp. 2d 288, 294 (S.D.N.Y. 1999).

Fourth, Ms. Vilbon did not timely file her request to vacate the arbitration award. 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

Finally, Ms. Vilbon seeks leave to add an indispensable party—the Cumberland Police Department—under Fed. R. Civ. P. 19(a). The Cumberland Police Department is not an indispensable party to the action by an employee against her employer for discrimination.

Therefore, the Court:

1. GRANTS the Motion to Confirm Arbitration Award filed by HB Employee Services, LLC (ECF No. 17);
2. DENIES the Motion to Amend the Complaint to Join Cumberland Police Department as a Defendant, filed by Carline Vilbon (ECF No. 20);
3. DENIES the Motion to Vacate Arbitration Award, filed by Carline Vilbon (ECF No. 21); and
4. DENIES the Motion for Relief from Judgment pursuant to Rule 60(b)(1)(3), filed by Carline Vilbon (ECF No. 29).

Judgment will be entered for the Defendant, and this case is dismissed.

IT IS SO ORDERED

_____
John J. McConnell, Jr.
Chief United States District Judge
April 19, 2023